Below is a Memorandum Decision of the Court.



Brian D. Lynch
U.S. Bankruptcy Court Judge
(Dated as of Entered on Docket date above)

_____

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re: <br><br> MARK ALLEN EMERY <br><br> Debtor. | Case No. 15-41333-BDL |
| MARK ALLEN EMERY, <br><br> Plaintiff, <br><br> v. <br><br> LAURA EDRINGTON, <br><br> Defendant. | Adversary No. 16-4013-BDL <br><br> **MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff-debtor Mark Emery filed a motion (ECF No. 12) seeking entry of summary judgment in his favor in this adversary that he filed to strip the owelty lien of defendant Laura Edrington. Ms. Edrington opposed the motion (ECF No. 14), and the Debtor filed a reply (ECF No. 15). The Court held a hearing and heard argument from counsel on October 19, 2016 and took the matter under advisement.

MEMORANDUM DECISION ON SUMMARY JUDGMENT - 1

I. **Factual Background**

The facts are undisputed. In September 2006, Debtor and Ms. Edrington purchased a house together in University Place, Washington. Ms. Edrington contributed the $83,650 down payment for the house. The parties took title in the house together, as a "single woman" and a "single man."

Debtor and Ms. Edrington got married later in December 2006. Ms. Edrington petitioned for dissolution of the marriage in May 2007. The state court entered a final Decree of Dissolution in the divorce case in October 2008. The decree awarded to Debtor the "community home," the house in University Place that he had purchased with Ms. Edrington, subject to all liens and encumbrances including the mortgage on the property. Ms. Edrington was awarded a $66,200 judgment that was to be paid at the rate of $600 a month, "representing reimbursement of her down payment on home awarded to husband, less amounts admitted received." The court also noted "[a]side from restructuring of existing loan, Ms. Edrington's judgment to be paid if house sold or new loan obtained." Debtor has not paid Ms. Edrington the judgment amount, or made any of the $600 per month payments.

Debtor filed his bankruptcy case on March 25, 2015. As of the petition date, he valued the house as worth $292,100. He scheduled the mortgage on the house as being owed $396,204. Debtor scheduled Ms. Edrington as an unsecured creditor, owed $65,535 for "property settlement from divorce."

Ms. Edrington has filed a proof of claim for the $66,200 judgment. The mortgage creditor filed a proof of claim for $398,213.92. On summary judgment, Debtor submitted a declaration from a realtor who re-valued the University Place property at $240,000, based on the condition of the property. Ms. Edrington submitted no evidence to the contrary.

MEMORANDUM DECISION ON SUMMARY JUDGMENT - 2

**Below is a Memorandum Decision of the Court.**

Regardless of which value is used, it is clear that the house is worth less than the mortgage debt and there is no equity to which Ms. Edrington's judgment lien can attach.

## II. Conclusions of Law

### A. Jurisdiction and Summary Judgment Standard

The Court has jurisdiction over this matter as a core proceeding under 28 U.S.C. §157(b)(2)(A), (B) and (K).

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits [or declarations] show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Here, not just the material facts but all relevant facts are undisputed and the issue presented is purely a matter of law. The Court concludes this matter is appropriate for summary judgment.

### B. Ms. Edrington's Lien is a Judgment Lien

In Washington, a judgment lien arises automatically upon entry of judgment as to all real estate of the judgment debtor located in the county of the federal district court or of the

**Below is a Memorandum Decision of the Court.**

state superior court in which the judgment is rendered. R.C.W. 4.56.190; *Federal Intermediate Credit Bank of Spokane v. O/S Sabelfish*, 111 Wash. 2d 219, 223, 758 P. 2d 494 (Wash. 1988). Ms. Edrington's judgment was entered by a Pierce County Superior Court and is a final order. Debtor's University Place residence is in Pierce County. Thus, Ms. Edrington's judgment automatically became a judgment lien against Debtor's property upon its entry.

### C. Ms. Edrington's Judgment Lien is an Owelty Lien under Washington Law

A judgment lien is an owelty lien if it is granted as compensation for an interest in real property that is transferred, or which the divorce court refers to as a lien against specific property. *In re Goodale*, 298 BR 886, 893 (Bankr. W.D. Wash. 2003). *See also In re Stone*, 119 BR 222, 231 (Bankr. E.D. Wash. 1990) ("a lien awarded in a dissolution proceeding to equalize distribution of jointly held or community property is an owelty lien.") *citing Hartley v. Liberty Park Assoc*, 54 Wn. App. 434, 438 (Was. Ct. App. 1989). " A sum of money to be paid in the case of partition of unequal proportions for the purpose of equalizing the portions is an owelty, and maybe allowed as a lien on the excessive allotment if payment cannot be made at once." *Hartley*, at 438.

The state court final decree denied Ms. Edrington any alimony or domestic support. After awarding the University Place home to Debtor, the final decree awarded Ms. Edrington the judgment in order to reimburse her "of her down payment on home awarded to husband." The Court further ordered that the judgment was to be paid if the house was sold or a new loan obtained, further tying the judgment into the award of the real property to Debtor. The Court concludes that Ms. Edrington's judgment lien is an owelty lien under Washington law.

**Below is a Memorandum Decision of the Court.**

However, while an owelty lien may give rise to special issues, as discussed further below, it remains a judicial lien and is subject to the provisions addressing judicial liens set forth in the bankruptcy code. *See In re Catli*, 999 F. 2d 1405, 1406 (9th Cir. 1993) *citing In re Pederson*, 875 F. 2d 781 (9th Cir. 1989).

### D.  Owelty Liens Cannot Be Avoided Under 11 U.S.C. 522(f)(1)

Debtor originally filed a proposed Plan of Reorganization that failed to provide for payments on Ms. Edrington's lien because Paragraph XII of the plan stated that "Debtor intends to avoid the judgment lien pursuant to Section 522(f). *See In re Mark Emery*, Case No. 15-41333, ECF No. 32. Ms. Edrington objected to the Plan. *Id.* at ECF Nos. 34, 41, 47. Among other issues, including challenges to good faith and Debtor's calculation of his income, Ms. Edrington raised the question of whether her owelty lien could be avoided under Section 522(f). While Debtor has since filed another amended plan (ECF No. 44) without the Section 522(f) avoidance language, the plan continues to exclude any payment to Ms. Edrington on her judgment lien.

Given the nature of Ms. Edrington's owelty lien, it cannot be avoided under Section 522(f). *Farrey v. Sanderfoot*, 500 U.S. 1825, 111 S. Ct. 1825 (1991). Here, just like *Farrey*, Ms. Edrington's lien attached to the property at the same time that Debtor's fee simple interest in it was created. Therefore, her lien did not attach to a pre-existing interest of the debtor and like Farrey's lien, it cannot be avoided under Section 522(f). The Court indicated it viewed the case as subject to Farrey at a September 9, 2015 hearing on confirmation, leading to Debtor's filing of his second Amended Plan, without the Section 522(f) language. Debtor has continued confirmation of his proposed Plan, and filed this adversary seeking to avoid the lien under Sections 1322(b)(2) and 506(a) instead.

### E. Lien Stripping of Owelty Liens

Having in effect conceded that Ms. Edrington's lien cannot be avoided under 11 U.S.C. 522(f), both by amending the language in his plan, and by his claims in this adversary, the Debtor now seeks to strip off Ms. Edrington's lien from his residence, relying on 11 U.S.C. 506(a) and *Zimmer v. PBS Lending Corp (In re Zimmer),* 313 F.3d 1220 (9th Cir. 2002). As much case law as there is discussing treatment of owelty liens under Section 522(f), there is a dearth of law analyzing how such liens should be treated under Section 1322(b)(2). The Court was able to find only one decision that considered the issue and could find no analysis in secondary sources. That decision, *In re Tumminello*, 288 B.R. 224 (Bankr. E. D. Mo. 2001), actually arose on a Section 522(f)(1) motion to avoid a judgment arising out of a divorce. After applying *Farrey v. Sanderfoot* to deny the 522(f)(1) lien avoidance, the Court then moved on to a Section 506(a) analysis of the amount of the judgment-holding spouse's secured claim. *Tumminello*, 288 at 228. The Court made a finding as to the value of the property, established the amount of senior deeds of trust and then concluded that "the value of James's allowed secured claim is $174,000 minus $133,943, which equals $40,057. The remaining $9,293 is the value of the unsecured portion of his claim." *Id.* There is no case law the Court could find addressing treatment of owelty liens when the house is completely underwater, as is the case here, and the owelty lien will be left entirely unsecured.

The Court concludes that stripping the Edrington owelty lien in this case is appropriate for two reasons. First, owelty liens are not subject to Section 1322(b)(2)'s anti-modification provision, even if they are secured by a principal residence. The anti-modification provision protects only "security interests in real property that is the debtor's principal residence." Section 101(51) defines "security interest" as a "lien created by agreement." Owelty liens

remain judgment liens. *Catli*, 999 F. 2d at 1406. Judgment liens have been held not to be "security interests" under the definition of 101(51) as they were not entered into by agreement but by court action. *In re Froehle*, 286 B.R. 94, 103 n.4 (B.A.P. 8th Cir. 2002); *In re Daraee*, 279 B.R. 853, 859 (Bankr. D. Or. 2002)("[a] judicial lien is not created by agreement."). Therefore, Ms. Edrington's owelty judgment lien is subject to modification.

Moreover, regardless whether the owelty lien is a security interest under Section 1322(b)(2) and even if it liens the Debtor's principal residence, under *Zimmer,* the Edrington lien is wholly unsecured and can be stripped under Section 506(a). While frustrating to Ms. Edrington, in that she in effect will lose her contribution to the acquisition of the property, given the fact that the first mortgage far surpasses the value of the property, she is losing no equity in the property by reason of the strip off, and the liability to pay off the first mortgage remains primarily with the Debtor. Section 1328(a) allows for the discharge of otherwise unsecured property settlements from a divorce; only domestic support obligations are excluded from a chapter 13 discharge. *Mele v. Mele (In re Mele)*, 501 B.R. 357, 368 (B.A.P. 9th Cir. 2013); *see also In re Shaver*, 736 F.2d 1314 (9th Cir. 1984) (setting forth test to determine whether an award was intended to be support obligation or property settlement).

The Court sees no basis to deny Debtor's attempt to strip down Ms. Edrington's lien under Sections 506(a) and 1322(b)(2). Nothing in the statues or case law indicates an intent to protect owelty liens from modification under these provisions. Ms. Edrington has not challenged either the valuation of the home or the amount of the senior deed of trust in this motion, so on the facts presented she has an unsecured owelty judgment lien that is subject to modification under Sections 1322(b)(2) and 506(a). Based on the undisputed valuations,

**Below is a Memorandum Decision of the Court.**

there is no value under Section 506(a) to which her claim may attach as secured. Her entire claim is unsecured.

She does retain her other objections to confirmation of Debtor's plan, and Debtor's ability to strip her lien is contingent on him remaining in chapter 13 and completing his plan, making all plan payments, and receiving a chapter 13 discharge.

The Court will enter a separate judgment, pursuant to Federal Rule of Bankruptcy Procedure 7058 and Federal Civil Rule of Procedure 58, consistent with this ruling.

///End of Order///

MEMORANDUM DECISION ON SUMMARY JUDGMENT - 8